# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: September 30, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| KAVITA DESAI, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 14-811V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for Petitioner.
Camille M. Collett, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 11, 2021, Kavita Desai ("Petitioner") filed a supplemental motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 173). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$1,000.00**.

## I. Procedural History

On September 9, 2014, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered a shoulder injury related to vaccine administration as a result of receiving an influenza vaccination on November 15, 2012. *See* Petition (ECF No. 1). On July 30, 2020, I issued a ruling finding petitioner was entitled to compensation

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

and on March 1, 2021, I issued my decision awarding damages. (ECF No. 164).

On April 30, 2021, Petitioner filed a motion for final attorneys' fees and costs. Petitioner requests compensation for her attorney, Mr. Richard Gage. in the total amount of $34,374.06. I granted Petitioner's motion on July 23, 2021, awarding a total of $33,647.06. (ECF No. 172). On August 11, 2021, Petitioner filed a supplemental motion for additional costs. Counsel for petitioner indicated that an invoice for Petitioner's economic expert, Dr. Mark McNulty, was inadvertently excluded from the original fees motion and requested a supplemental decision awarding $1,000.00 for the work of Dr. McNulty. Respondent filed a response on August 25, 2021, indicating that Respondent "defers to the Special Master's discretion whether to grant the additional compensation requested in petitioner's amended request for an award of attorneys' fees and costs." Response at 1. (ECF No. 176).

The matter is now ripe for adjudication.[3]

II.    **Analysis**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation, she is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

A request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests $1,000.00 for the work of Dr. McNulty, which was inadvertently excluded from the prior motion. Petitioner has provided adequate documentation supporting this request and I find it to be reasonable for Dr. McNulty's work in this case. The costs shall therefore be fully awarded.

III.    **Conclusion**

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED. Accordingly, I award a lump sum in the amount of $1,000.00, representing**

---

[3] Petitioner also filed a motion for a status conference on August 17, 2021. (ECF No. 174). Because the undersigned is granting petitioner's pending supplemental motion for attorneys' costs, the motion for a status conference is being denied as moot.

**reimbursement for attorneys' costs, in the form of a check payable to Petitioner and her attorney, Mr. Richard Gage.**[4]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**


**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).